Lawrence C. Hersh
Attorney at Law
17 Sylvan Street
Suite 102B
Rutherford, New Jersey  07070
Tel:  (201) 507-6300
Fax: (201) 507-6311
lh@hershlegal.com

Of Counsel
Theodore F. Shiells
Texas State Bar No. 00796087
Shiells Law Firm P.C.
1201 Main Street – Suite 2470
Dallas, Texas 75202
Tel: (214) 979-7312
Fax: (214) 979-7301
tfshiells@shiellslaw.com

*Attorneys for Plaintiff Simon Nicholas Richmond*

# IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| SIMON NICHOLAS RICHMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | _____ |
| ETHAN GROUP, LTD. | ) | MLC-DEA |
| | ) | |
| Defendant. | ) | |

_____)

## **SEVERED SECOND AMENDED COMPLAINT AND JURY DEMAND**

## SEVERED SECOND AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Simon Nicholas Richmond ("Richmond" or "Plaintiff"), for his claims against Defendant Ethan Group, Ltd., ("Ethan China" or "Defendant") makes and files this Complaint and alleges as follows:

### 1.    STATEMENT OF RELATED CASES AND PRIOR PROCEEDINGS

This case is related to *Simon Nicholas Richmond v. LumiSol Electrical Ltd., et al.*, 13-cv-1944 (MLC-DEA), and alleges infringement of the same United States Patents that are at issue in the aforementioned case, i.e., United States Patent Nos. 7,196,477; 7,429,827; 8,362,700; and, 8,089,370.  This case is further related to case docket nos. 13-cv-1944 (MLC-DEA), 13-cv-1949 (MLC-DEA), 13-cv-1950 (MLC-DEA), 13-cv-1951 (MLC-DEA), 13-cv-1952 (MLC-DEA), 13-cv-1953 (MLC-DEA), 13-cv-1954 (MLC-DEA), 13-cv-1957 (MLC-DEA), 13-cv-1959 (MLC-DEA), 13-cv-1960 (MLC-DEA), 13-cv-2916 (MLC-DEA), all of which have been consolidated with *Simon Nicholas Richmond v. Lumisol, et al.*, 13-cv-1944 (MLC-DEA).

The allegations contained in this Complaint against Defendant were originally filed in *Simon Nicholas Richmond v. LumiSol Electrical Ltd., et al.*, 13-cv-1944 (MLC-DEA).  In an Order dated July 3, 2014, the claims against

Defendant Ethan China were severed, and Plaintiff was ordered to file a severed complaint against each individual defendant in Case No. 13-cv-1944 (MLC-DEA) by August 1, 2014.  (Case No. 13-cv-1944, Dkt. 122, p.10).

## 2.    THE PARTIES

### A.    Plaintiff Richmond.

**1.**    Plaintiff Richmond is an individual and a resident of New Jersey.

### B.    Defendant.

2.    Ethan Group, Ltd. (Ethan China) is a corporation organized and existing under the laws of China, having a principal place of business at 140 Mei Zhi Guo Garden, Suzhou, China.  Ethan China may be served through its agent for service of process at pursuant to the Hague convention.

3.    Service of the prior Original and First Amended Complaints in Case No. 13-cv-1944 (MLC-DEA) was properly effectuated on Defendant.

## 3.    SUBJECT MATTER JURISDICTION

4.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## 4.    PERSONAL JURISDICTION AND VENUE

### A.    General.

5.    Personal jurisdiction over Defendant is proper pursuant to New Jersey Long-Arm Statute, N.J. CT. R. 4:4-4 and principles of due process.

6.    Ethan China has sufficient minimum contacts with New Jersey and this district and the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

### B.    Specific Jurisdiction.

7.    Personal jurisdiction over Defendant is proper under principles of specific jurisdiction.

8.    Upon information and belief, Defendant has transacted and solicited business in New Jersey and in this district related to the subject matter of the claims alleged herein and, upon information and belief, has committed direct infringement in this state and district by importing, exposing for sale, offering to sell and/or selling goods infringing one or more of the Patents-in-Suit, to customer(s) in this state.

9.    Upon information and belief, Defendant has transacted and solicited business in New Jersey related to the subject matter of the claims alleged herein

and, upon information and belief, has committed acts of direct infringement in the United States and/or has knowingly acted with an intent to induce infringement by others, as detailed below.

10.    Upon information and belief, Defendant has knowingly induced infringement in the United States, and New Jersey, of its customer(s) by offering to sell and/or selling goods that infringe one or more of the Patents-in-Suit (as detailed in the Counts below), with specific knowledge of Plaintiff's applicable patent(s), and with a specific intent and/or willful blindness to the fact that their infringing products will be imported into and offered for sale, sold and/or used in the United States, and New Jersey, by their customers.

11.    The infringement by Defendant that is the subject of the claims alleged has caused Plaintiff to suffer damages and other losses in New Jersey and this district, a result that was reasonably foreseeable to Defendant at the time Defendant committed its misconduct.

**C.    General Jurisdiction.**

12.    Personal jurisdiction over Defendant is also proper under principles of general jurisdiction in that each United States Defendant either resides in this state and district and/or has regularly and purposefully conducted business in New

Jersey and this district.

13. Personal jurisdiction over the Defendant is also proper under principles of general jurisdiction in that, upon information and belief, Defendant has regularly and purposefully conducted business in the United States, and pursuant to 28 U.S.C. § 1391 (c)(3), an alien may be sued in any judicial district.

### D. Venue.

14. Venue also properly lies in this district pursuant to 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this district.

15. Venue also properly lies in this district under 28 U.S.C. § 1391(b)(2) and/or (3) because, upon information and belief, either a substantial part of the events or omissions giving rise to the claims recited below occurred in this district, or a substantial part of the property that is the subject of the action is in this district, or because there is no district in which the action may otherwise be brought as provided in 28 U.S.C. § 1391, and this court has personal jurisdiction over Defendant.

16. Venue also properly lies in this district over Defendant pursuant to 28 U.S.C. § 1391(c)(3) in that an alien may be sued in any judicial district.

## 5. FACTUAL BACKGROUND

### A. Plaintiff's Patents-in-Suit

17.     For many years, Richmond has engaged in the development, manufacture, and sale of solar-powered garden lighting. Richmond has taken steps to protect his innovative inventions and designs. In particular, Richmond owns United States utility and design patents relating to his solar-powered garden lights.

18.     Richmond is the inventor and owner of all right, title, and  interest to the United States patent number 7,196,477 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors," ("'477 Color-Changing Patent"), which duly and legally issued to Richmond on 3/27/2007.

19.     Richmond is the inventor and owner of all right, title, and  interest to the United States patent number 7,429,827 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors,"  ("'827 Color-Changing Patent"), which duly and legally issued to Richmond on 9/30/2008.

20.     Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,362,700 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors," ("'700 Color-Changing Patent"), which duly and legally issued to Richmond on 1/29/2013.

21.     Richmond is the inventor and owner of all right, title, and interest to

the United States patent number 8,089,370 A1, entitled "Illuminated Wind

Indicator," ("'370 Framed Patent"), which duly and legally issued to Richmond on

1/3/2012.

22.    Plaintiff's '477 Patent is valid and enforceable.

23.    Plaintiff's '827 Patent is valid and enforceable.

24.    Plaintiff's '700 Patent is valid and enforceable.

25.    Plaintiff's '370 Patent is valid and enforceable.

26.    On November 3, 2011, United States Patent Publication No. US

2011/0266953 A1 (the "'953 Published Application") was published.  A copy of

the '953 Published Application may be obtained for free from the official United

States Patent and Trademark website, uspto.gov.  The invention as claimed in the

'700 Patent is substantially identical to the invention as claimed in the '953

Published Application.

27.    On November 3, 2009, United States Patent Publication No. US

2009/0322495 A1 (the "'495 Published Framed Application") was published. A

copy of the '495 Published Framed Application may be obtained for free from the

official United States Patent and Trademark website, uspto.gov. The invention as

claimed in the '370 Patent is substantially identical to the invention as claimed in

the '495 Published Application.

28.     Richmond continues to engage in the development and sale of solar-powered garden lighting and continues to take steps to protect his innovative inventions and designs and in this regard has applied for additional patent protection for his inventions. For example, on March 29, 2012, United States Patent Publication No. US 2012/0075104 A1 (the "'104 Published Application") was published, and on April 5, 2012, United States Patent Publication No. US 2012/0081888 A1 (the "'888 Published Application") was published.  Copies of the '104 and '888 Published Applications may be obtained for free from the official United States Patent and Trademark website, uspto.gov.

29.     At all times relevant to this action, Richmond has complied with any notice provisions of 35 U.S.C. § 287 as they may relate to the Patents-in-Suit.

**B.     Facts relevant to Defendant**

30.     Ethan Group Ltd. identifies the office address used by Ethan Group, Inc. and Epoch HomeTex, Inc as being its "North American Warehouse."

31.     Lumisol, Ethan Group Ltd., and Ningbo Hangshun Electrical Co. Ltd share employees, officers, facilities, mailing addresses, phone numbers, email addresses, etc.  Lumisol, Ethan Group Ltd., and Ningbo Hangshun Electrical Co.

Ltd share employees, officers, facilities, mailing addresses, phone numbers, email addresses.  Ningbo Hangshun Electrical Co. Ltd is one of Ethan Group Ltd.'s six factories.

32.     Ethan Group Ltd. has been substantially directly and knowingly involved in importation of solar lights from China into the United States, including directly making at least thirty five times separate shipments since July 2007.  Such shipments include eleven separate shipments from China to Pine Top.  At least one such shipment from Ethan Group Ltd. was to United States retailer, Boscovs Department Stores, and said shipment included a "Solar Moon On Stick Light" and a "Solar Sun On Stick Light" which upon information and belief, are the same products that the Defendant in this lawsuit is alleged to infringe.

33.     Defendant has imported, sold, exposed for sale or offered for sale accused solar lighting products to at-least to one or more of the named defendants in the cases consolidated under Case No. 13-cv-1944 (D.N.J.).

34.     Defendant has imported, sold, exposed for sale or offered for sale accused solar lighting products to customers located in the United States that are not named defendants in the cases consolidated under Case No. 13-cv-1944 (D.N.J.).

35.    Since issuance of one or more of the foregoing Richmond patents, Defendant has or has been importing, exposing for sale, offering for sale, or selling the following products:

      a)  Four Seasons Dragonfly Stake Light

      b)  Lumisol Celestial Series II Solar Light Set

      c)  MT-1025 Solar Moon On Stick Light

      d)  MT-1029 Lumisol Butterfly Crackle Glass Ball Stake Solar Pathway Light

36.    In addition to the products identified in the preceding paragraph, Defendant has or has been importing, exposing for sale, offering for sale, and selling the solar lighting products identified in Exhibit A.

## 6.    INFRINGEMENT OF PLAINTIFF'S PATENTS

### Count 1 – Ethan China's Direct Infringement of '477 Patent

37.    The allegations of Paragraphs 1-36 are incorporated by reference as if fully set forth again herein.

38.    Ethan China has notice of Plaintiff's rights in the '477 Patent.

39.    Upon information and belief, Ethan China directly infringes, and has infringed, Plaintiff's '477 Color-Changing Patent by, at-least, importing, exposing

for sale, offering to sell, and selling one or more solar-powered garden light products that infringe '477 Patent. Upon information and belief, those solar-powered garden lights include, at least, the following products:

a) MT-1025 Solar Moon On Stick Light

b) Four Seasons Dragonfly Stake Light

c) MT-1029 Lumisol Butterfly Crackle Glass Ball Stake Solar Pathway Light

d) Lumisol Celestial Series II Solar Light Set.

40.    The attached "Preliminary Product List - Ethan China, attached as Exhibit A, contains a non-comprehensive list of products that, upon information and belief, are believed to constitute infringement of Richmond's patents, where a "Y" under the column labeled '477 Patent indicates that the product identified in the corresponding row is believed to be an infringement of Plaintiff's '477 Color-Changing Patent.

41.    Upon information and belief, Ethan China has and is importing, exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '477 Color-Changing Patent and will continue to do so unless restrained by this Court.

**Count 2 – Ethan China's Direct Infringement of '827 Patent**

42.     The allegations of Paragraphs 1-41 are incorporated by reference as if fully set forth again herein.

43.     Ethan China has notice of Plaintiff's rights in the '827 Patent.

44.     Upon information and belief, Ethan China directly infringes, and has infringed, Plaintiff's '827 Color-Changing Patent by, at-least, importing, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '827 Patent. Upon information and belief, those solar-powered garden lights include, at least, the following products:

> a) MT-1025 Solar Moon On Stick Light
>
> b) Four Seasons Dragonfly Stake Light
>
> c) MT-1029 Lumisol Butterfly Crackle Glass Ball Stake Solar Pathway Light
>
> d)  Lumisol Celestial Series II Solar Light Set.

45.     The attached "Preliminary Product List - Ethan China, attached as Exhibit A, contains a non-comprehensive list of products that, upon information and belief, are believed to constitute infringement of Richmond's patents, where a "Y" under the column labeled '827 Patent indicates that the product identified in

the corresponding row is believed to be an infringement of Plaintiff's '827 Color-Changing Patent.

46.     Upon information and belief, Ethan China has and is importing, exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '827 Color-Changing Patent and will continue to do so unless restrained by this Court.

**Count 3 – Ethan China's Direct Infringement of '700 Patent**

47.     The allegations of Paragraphs 1-46 are incorporated by reference as if fully set forth again herein.

48.     Ethan China has notice of Plaintiff's rights in the '700 Patent.

49.     Upon information and belief, Ethan China directly infringes, and has infringed, Plaintiff's '700 Color-Changing Patent by, at-least, importing, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '700 Patent.  Upon information and belief, those solar-powered garden lights include, at least, the following products:

a)  MT-1025 Solar Moon On Stick Light

b)  Four Seasons Dragonfly Stake Light

c)  MT-1029 Lumisol Butterfly Crackle Glass Ball Stake Solar

Pathway Light

d)  Lumisol Celestial Series II Solar Light Set.

50.    The attached "Preliminary Product List - Ethan China, attached as Exhibit A, contains a non-comprehensive list of products that, upon information and belief, are believed to constitute infringement of Richmond's patents, where a "Y" under the column labeled 'indicates that the product identified in the corresponding row is believed to be an infringement of Plaintiff's '700 Color-Changing Patent.

51.    Upon information and belief, Ethan China has and is importing, exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '700 Color-Changing Patent and will continue to do so unless restrained by this Court.

**Count 4 – Ethan China's Direct Infringement of '370 Patent**

52.    The allegations of Paragraphs 1-51 are incorporated by reference as if fully set forth again herein.

53.    Ethan China has notice of Plaintiff's rights in the '370 Patent.

54.    Upon information and belief, Ethan China directly infringes, and has infringed, Plaintiff's '370 Framed Patent by, at-least, importing, exposing for sale,

offering to sell, and selling one or more solar-powered garden light products that infringe the '370 Patent. Upon information and belief, those solar-powered garden lights include, at least, the following products:

a) MT-1025 Solar Moon On Stick Light

b) Lumisol Celestial Series II Solar Light Set.

55.    The attached "Preliminary Product List - Ethan China, attached as Exhibit A, contains a non-comprehensive list of products that, upon information and belief, are believed to constitute infringement of Richmond's patents, where a "Y" under the column labeled '370 Patent indicates that the product identified in the corresponding row is believed to be an infringement of Plaintiff's '370 Framed Patent.

56.    Upon information and belief, Ethan China has and is importing, exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '370 Framed Patent and will continue to do so unless restrained by this Court.

### Count 5 – Ethan China's Inducement of Ethan Group, Inc., Lumisol Electrical Ltd., Costco Wholesale Corp.'s Infringement

57.    The allegations of Paragraphs 1-56 are incorporated by reference as if

fully set forth again herein.

58.     Upon information and belief, Ethan China has had actual knowledge of Plaintiff's 7,196,477; 7,429,827; 8,362,700; and, 8,089,370 Patents, and knowledge that its solar-powered garden lights as accused of infringement earlier in this Complaint ("Accused Infringing Products") would infringe Plaintiff's 7,196,477; 7,429,827; 8,362,700; and, 8,089,370 Patents if imported into, offered for sale or sold in the United States.  Ethan China has had such knowledge of Plaintiff's Patents, as alleged in this Complaint and no later than on or about 5/7/2013, by means of service of the First Amended Complaint on Ethan China.

59.     Ethan China has an ongoing, intentional relationship with its customers, including at least Ethan Group, Inc., Lumisol Electrical Ltd., Costco Wholesale Corp., with the clear aim of inducing their nationwide distribution and sale in the United States.  Upon information and belief, the quantity of purchase would indicate to Ethan China that its products would be shipped to all of its customers' retail stores, including Ethan Group, Inc., Lumisol Electrical Ltd., Costco Wholesale Corp.'s New Jersey stores, in accordance with Ethan Group, Inc., Lumisol Electrical Ltd., Costco Wholesale Corp.'s customary practice, something that is well known to Ethan China.  Upon information and belief, Ethan

China follows a similar practice with its other customers having retail stores in the United States.  As such, Ethan China knew and intended, or was willfully blind to the fact that its Accused Infringing Products would be imported into the United States, and then offered for sale and sold by its customers in the United States, including in New Jersey.

60.    Based upon the foregoing facts, and reasonable inferences therefrom, upon information and belief, Ethan China has, with knowledge of Plaintiff's 7,196,477; 7,429,827; 8,362,700; and, 8,089,370 Patents and specific intent to infringe, and/or willful blindness to the infringement, actively induced and is inducing infringement of Plaintiff's 7,196,477; 7,429,827; 8,362,700; and, 8,089,370 Patents by the direct infringement of its customers in the United States, including but not limited to, Ethan Group, Inc., Lumisol Electrical Ltd., Costco Wholesale Corp., and will continue to do so unless restrained by this Court.

### Count 6 – Willfulness of Ethan China's Infringement

61.    The allegations of Paragraphs 1-60 are incorporated by reference as if fully set forth again herein.

62.    Upon information and belief, Ethan China has had actual knowledge of Plaintiff's '477 and '827 Patents, and knowledge that its solar-powered garden

lights as accused of infringement of these patents earlier in this Complaint

("Accused Infringing Products") would infringe Plaintiff's '477 and '827 Patents if

imported into, offered for sale or sold in the United States.

63.     As a result of Richmond's activities, Defendant is believed to have

knowledge of Plaintiff's '477 and '827 Patents and knowledge that one or more of

Ethan China' previously identified products infringe Richmond's 477 and '827

patents. Ethan China has had such knowledge of Plaintiff's Patents, as alleged in

this Complaint and no later than on or about 5/7/2013, by means of service of the

First Amended Complaint on Ethan China in Case No. 13-cv-1944 (D.N.J.).  As a

result, Defendant's infringement of Plaintiff's Patent is willful.

64.     The allegations and factual contentions set forth in this Count are

likely to have evidentiary support after a reasonable opportunity for further

investigation or discovery. See Fed. R. Civ. P. 11(b)(3).

### 7.     PLAINTIFF'S DAMAGES AND IRREPARABLE HARM

65.     Plaintiff has been damaged as a result of Defendant's infringing

activities and will continue to be damaged unless such activities are enjoined by

this Court. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to

compensate for the infringement of Plaintiff's Patents, including, *inter alia*, lost

profits and/or a reasonable royalty.

66.     Plaintiff will be irreparably harmed if Defendant's patent infringement continues.  Plaintiff relies upon his patents for protection of his business' intellectual property and the rampant infringement of his patents by Defendant robs Plaintiff's business of its intellectual assets and denies Plaintiff the exclusivity in the marketplace for offering and selling his products to which he is entitled under the Patent Laws.  This seriously damages Plaintiff in a manner that cannot be adequately compensated by money alone.  Plaintiff is entitled to a permanent injunction prohibiting Defendant, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them, from taking any other actions that would infringe Plaintiff's Patents.

## 8.     JURY DEMAND

67.     Plaintiff hereby demands a trial by jury, pursuant to Fed. R. Civ. Proc. 38(b), for all issues so triable.

## 9.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court enter judgment granting Plaintiff the following relief:

a.     Awarding Plaintiff his damages adequate to compensate for

20

Defendant's infringement of Plaintiff's Patents, including, inter alia, lost profits and/or a reasonable royalty;

    b.  b.  Awarding treble of the damages and/or reasonable royalty on account of the willful nature of the infringement, pursuant to 35 U.S.C. § 284;

    c.  Declaring this case to be exceptional under 35 U.S.C. §285 and awarding Plaintiff his attorneys' fees, costs and expenses related to bringing this action;

    d.  Enjoining Defendant from infringing Plaintiff's Patents; and

    e.  Awarding Plaintiff such further and other relief as the Court deems just and equitable.

        Respectfully submitted,


        /s/ Lawrence C. Hersh
        Lawrence C. Hersh
        Attorney at Law
        17 Sylvan Street
        Suite 102B
        Rutherford, New Jersey  07070
        Tel:  (201) 507-6300
        Fax: (201) 507-6311
        lh@hershlegal.com
        *Attorneys for Plaintiff*

*Simon Nicholas Richmond*

<u>Of Counsel</u>
Theodore F. Shiells
Texas State Bar No. 00796087
Shiells Law Firm P.C.
1201 Main Street – Suite 2470
Dallas, Texas 75202
Tel: (214) 979-7312
Fax: (214) 979-7301
tfshiells@shiellslaw.com